**Maud DAVIS, Appellant,**

v.

**WILLIAM BLANK MANUFACTURING COMPANY, Ltd., William Blank Manufacturing Company.**

**No. 16320.**

United States Court of Appeals
Third Circuit.

Argued April 20, 1967.

Decided April 27, 1967.

---

John Mattioni, Philadelphia, Pa. (Melvin Dion, of Dion & Steerman, Dante Mattioni, of Mattioni, Mattioni & Mattioni, Philadelphia, Pa., on the brief), for appellant.

Harry A. Short, Jr., Philadelphia, Pa. (Liebert, Harvey, Bechtle, Herting & Short, Philadelphia, Pa., on the brief), for appellee.

Before SMITH and FREEDMAN, Circuit Judges, and WORTENDYKE, District Judge.

## OPINION OF THE COURT

### PER CURIAM.

Plaintiff brought a suit for damages against William Blank Manufacturing Company, Ltd., a Canadian corporation, and obtained substituted service on it through the Secretary of the Commonwealth of Pennsylvania. Later, because of doubt whether she had sued the right entity, she filed an amended complaint in which she named as defendant William Blank Manufacturing Company, which she described as "a Canadian company." The amended complaint also was served upon the defendant through the Secretary of the Commonwealth of Pennsylvania by substituted service. Both the substituted service had on William Blank Manufacturing Company, Ltd., and the subsequent substituted service on William Blank Manufacturing Company followed petitions for leave to make service through the Secretary of the Commonwealth of Pennsylvania by registered mail under the Pennsylvania statute for the service of process on foreign corporations.[1]

The district court entered an order quashing and setting aside the return of service on William Blank Manufacturing Company on the ground that it was not a corporation and therefore could not be served pursuant to the statute. In the same order the court went on to direct the dismissal of the action as to William Blank Manufacturing Company, unless valid service was effected on it within sixty days.

Before the sixty-day period had expired appellant took the present appeal from the order. Appellee has moved to dismiss the appeal for want of an appealable order.

We need not now decide whether the quashing of service on William Blank Manufacturing Company was in itself an appealable order, even though the dismissal of the action was to await the expiration of sixty days so as to afford plaintiff an opportunity to effect valid service. For it appears from the record that plaintiff had filed a motion for leave to file a second amended complaint which included as defendants both William Blank Manufacturing Company, Ltd. and William Blank, individually and trading as William Blank Manufacturing Company. She alleged that the first amended complaint had substituted William Blank Manufacturing Company for William Blank Manufacturing Company, Ltd., as the party defendant through inadvertence. This motion was granted and the second amended complaint therefore became a matter of record. There is nothing in the record before us which indicates, however, that any effort was

---

1. Act of May 5, 1933, P.L. 364, § 1011, as amended, 15 Purdon's Pa.Stat.Annot. § 2852–1011.

made by the plaintiff to obtain service of the second amended complaint upon either of the two parties therein designated as defendants, nor is there any indication whether in the many procedural actions taken in this case the second amended complaint came into the hands of the named defendants or their duly authorized representatives.

It therefore appears that as to William Blank Manufacturing Company, the court below expressly preserved the right of the plaintiff to attempt to make valid service within sixty days, and that as to the Canadian corporation, William Blank Manufacturing Company, Ltd., the effectiveness of the service previously made on it has not been raised or determined, nor has the effect been determined of its reinstatement as a defendant by the second amended complaint.

In these circumstances, we think it desirable in the administration of justice to vacate the order of the court below and remand the record so that it may, after hearing the parties, make an appropriate order regarding the two defendants named in the second amended complaint.